Walter Edward **OAKS**

v.

**OLYMPIC STAIN COMPANY and
Machinists, Inc.**

Grace **OAKS**

v.

**OLYMPIC STAIN COMPANY and
Machinists, Inc.**

**Civ. A. Nos. 7741, 7742.**

United States District Court,
E. D. Tennessee, N. D.

Oct. 5, 1972.

James F. Pryor, Bolt & Pryor, Calvin N. Taylor, Cheek, Taylor & Groover, Knoxville, Tenn., for plaintiffs.

F. Graham Bartlett, McCampbell, Young, Bartlett, & Woolf, Poore, Cox, Baker, McAuley, Ray & Byrne, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This matter is before the Court on application for an apportionment of attorneys' fees between counsel for an injured workman and counsel for his employer pursuant to the Tennessee Workmen's Compensation Act. T.C.A. § 50–901 et seq.

The injured workman, through the efforts of counsel, recovered from a third party a judgment of $100,000.00, and his wife recovered $50,000.00 for loss of services and consortium. The workman's judgment is subject to the subrogation lien of the employer in the amount of $22,108.29 based on a judgment in the state courts. Counsel for the injured workman was retained under a contingency fee contract whereby he was to be paid one-third of the amount his client was to receive.

The employer had and exercised a statutory right to engage counsel of his own and to intervene in the third party action. Counsel for the employer (actually the employer's compensation carrier, Fireman's Fund American Insurance Companies) did not actively participate in the proceeding until shortly before the trial. He was retained on a time basis and stated that his fee would not exceed $3,000.00.

The controversy arises from the contention of counsel for the injured workman that he is entitled to a reasonable fee from the employer for the portion of the judgment subject to the subrogation lien. Counsel for the employer contends that the employer has a right to engage counsel of its own and that its obligation for attorneys' fees is limited to its own counsel.

Concerning attorneys' fees in third party actions, the Tennessee Workmen's

Compensation Act provides in pertinent part:

". . . In the event of a recovery from such other person . . . the attorney representing such injured workman . . . and effecting said recovery, shall be entitled to a reasonable fee for his services . . .; provided, however, that if the employer has engaged other counsel to represent the employer in effecting recovery against such other person, then a court of competent jurisdiction shall, upon application, apportion said reasonable fee between the attorney for the workman and the attorney for the employer, in proportion to the services rendered." T.C.A. § 50–914

Counsel for the employer also contends that our ruling in Williams v. The Singer Company, (Civil Action No. 7395, August 10, 1972), controls this case. We disagree. The *Williams* case involved a $65,000.00 settlement made after argument on the appellate level. The employer held a $13,300.89 subrogation lien and had contracted with its counsel to pay him one-third of the subrogation recovery. The injured workman had contracted with his counsel to pay one-third of the final judgment to him. Statements of both counsel indicated that 80% to 95% of the legal work had been performed by counsel for the injured worker. He stated that he was seeking a portion of the fee to be paid by the employer from the subrogation recovery to its attorney to reimburse his own client for the portion of his fee based on the subrogation recovery. We denied his request. We held that the apportionment provision of Section 50–914 did not apply in that situation. Counsel for the injured worker was to receive his statutory "reasonable fee." Counsel for the employer did not seek any part of this fee. Section 50–914 does not give the Court the power to reform the contract between the employer and its counsel on motion of a third party.

Resolution of the dispute in this case hinges on interpretation of the quoted portion of T.C.A. § 50–914. That statute provides that an attorney for an injured worker who successfully prosecutes a third party action is entitled to a reasonable fee for his services. If an attorney representing the employer intervenes in the proceeding then "said reasonable fee" (meaning the fee owed counsel for the injured worker) shall be apportioned "in proportion to the services rendered." As we read this statute we must first determine what is a reasonable attorney's fee in this case; then we must apportion that amount.

The Court is advised that the customary contract of this type is for a fee of one-third of the final recovery if the case goes to trial, or one-fourth if it is settled before trial. This was the contract in the instant case and under it, apart from the statutory subrogation lien, counsel for the injured worker is entitled to fifty percent of one-third of $22,108.29 subject to the subrogation lien. Counsel employed by Fireman's Fund American Insurance Companies is entitled to his contract fee made with Fireman's Fund. To hold otherwise would permit employers to receive the benefit of legal services without having to pay for them, and it would deprive counsel for the injured worker of his customary contract fee for services rendered. Such a result is unconscionable.

In sum, the Court holds that L. B. Bolt, Jr. and James F. Pryor are entitled to fifty percent of one third of $22,108.29, or $3,684.71 and that Attorney Robert Campbell is entitled to recover his contract fee made with Fireman's Fund, out of the $22,108.29.